2021 IL App (1st) 200658-U

No. 1-20-0658

Order filed August 24, 2021

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 14 CR 3741 |
| | ) | |
| DORIAN PULLIAM, | ) | Honorable |
| | ) | Michael B. McHale, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Justice Lavin concurred in the judgment.
Justice Pucinski specially concurred.

**ORDER**

¶ 1    *Held*: We grant appointed counsel's motion to withdraw pursuant to *People v. Finley*, 481 U.S. 551 (1987), and affirm the circuit court's denial of defendant's petition for relief from judgment.

¶ 2    On May 11, 2017, defendant Dorian Pulliam entered a negotiated guilty plea to predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2012)) in exchange for a sentence of 32 years' imprisonment and the *nolle prosequi* of other charges.

¶ 3    On September 19, 2019, defendant mailed a *pro se* motion to withdraw his plea and vacate his sentence. Defendant alleged that his arrest violated the Illinois Constitution where officers discovered an investigative alert to arrest him after curbing a vehicle in which he was a passenger, although there was no warrant for his arrest, and trial counsel was ineffective for declining defendant's requests to file motions to quash arrest, suppress evidence, and dismiss the charges. On October 31, 2019, the circuit court denied the motion for lack of jurisdiction.

¶ 4    On October 17, 2019, defendant filed the instant *pro se* petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West Supp. 2019)). Defendant again argued that his arrest was illegal because it was based on an investigative alert and not a warrant. Additionally, defendant posited that the officers prolonged the traffic stop to check his name, he would not have pled guilty had he known he could challenge the constitutionality of his arrest, and he presented motions challenging his arrest to counsel, who did not file them because counsel believed the arrest was constitutional. On March 6, 2020, the circuit court denied defendant's motion, noting that petitioner waived his argument by pleading guilty and his argument about the investigative alert relied on *People v. Bass*, 2019 IL App (1st) 160640, which a different panel declined to follow in *People v. Braswell*, 2019 IL App (1st) 172810.

¶ 5    The Office of the State Appellate Defender, who represents defendant on appeal, has filed a motion for leave to withdraw as appellate counsel, citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987). Counsel has submitted a memorandum in support of the motion, stating that she has reviewed the record and concluded that an appeal would be without arguable merit. Copies of the motion and memorandum were sent to defendant, who was advised that he may submit any points in support of his appeal. Defendant filed a response, arguing that counsel did not adequately

consider the issues, his petition was timely because the judgment against him was void and the basis for his petition was unavailable when he pled guilty, and his arrest was unconstitutional.

¶ 6    After carefully reviewing the record in light of counsel's motion and memorandum and defendant's response, we agree with counsel's conclusion. Thus, the motion of the Office of the State Appellate Defender for leave to withdraw as counsel is allowed and the judgment of the circuit court is affirmed.

¶ 7    Affirmed.

¶ 8    JUSTICE PUCINSKI specially concurring:

¶ 9    While I agree with the majority that the Motion to Withdraw filed by the Office of the State Appellate Defender should be granted because the Petitioner's 2-1401 Motion was filed untimely, I write specifically because I am troubled by the position that Petitioner's claim that his arrest based on an investigative alert has no merit.

¶ 10    I joined in *People v. Bass*, 2019 Il App (1st) 160640 specifically because I find the use of investigative alerts, as opposed to warrants, as the basis for arrest, repugnant under the Constitution of the State of Illinois.  I note that my colleagues in another division of this court took a different approach in *People v. Braswell*, 2019 ILApp (1st) 172810, and that the Illinois Supreme Court dodged the issue in *People v. Bass*, 2021 IL 125434.

¶ 11    I note particularly Justice Neville's partial dissent in *Bass,* ( *People v. Bass*, 2021 IL 125434) where he states in ¶ 50  the proposition that the constitutionality of investigative alerts "merits constitutional scrutiny" or ¶ 63 where he opines that "constitutional review [of investigative alerts] is required to fulfill [the Illinois Supreme] court's role as the protector of the rights guaranteed by the warrant clause of the Illinois Constitution."

¶ 12  What strikes me is that in *Bass* the criminal behavior took place on or about July 27, 2014 which resulted in an investigative alert, but Bass was not arrested until 3 weeks later. In *Braswell* the criminal behavior took place on March 19, 2013, resulting in an investigative alert. *Braswell* was arrested on March 16, 2014, almost a year later.

¶ 13  Darian Pulliam was arrested on February 1, 2014, based on an investigative alert created by the Chicago Police Department for an incident which occurred on or about May 30, 2013, about a seven-month time span.

¶ 14  I could certainly understand and even support an investigative alert when there is probable cause that a suspect has committed a crime and may commit further crimes in the immediate future or is a known flight risk, but that should only be a temporary fix, say, 24 or 48 hours as a maximum. It is clear that in each of the three cases above the police had more than sufficient time to obtain a proper warrant and chose not to do so.

¶ 15  This skirting of the Constitutional requirement for a proper warrant for arrest is troubling in many levels. First, it threatens the liberty interest of suspects without following the proper foundational requirements of a warrant. Second, it demonstrates a willingness of the Chicago Police Department to take the easy way instead of the constitutionally required way to go about identifying and arresting suspects. Apparently, the Chicago Police Department is the only police agency in Illinois to have a policy to end-run warrants. The practice does not appear to be supported by any statute, rule, or ordinance.

¶ 16  One could suppose that the Chicago Police Department might fudge on obtaining warrants because they say can't find a judge. But that raises the question: is it that they can't actually find

a judge who is available to review the warrant, or is it because they can't find a judge who might rubber stamp a warrant without too much trouble?

¶ 17    I have great respect for the men and women of the Chicago Police Department.  My problem is with the administration of the CPD, which, for too long, has turned a blind eye to the Illinois Constitution.  It cannot be said that it is too much trouble to get a warrant.  It is, I believe, well known that the Circuit Court of Cook County makes "duty" judges available 24/7 for warrant review.  It is also anecdotally known that most Chicago police officers, and certainly most Chicago Police Detectives, know judges who will consider warrants, even at odd hours.

¶ 18    One is left to wonder why the CPD continues to rely on investigative alerts  Clearly, they are easier and faster than getting a warrant as an immediate fix. But after a reasonably short time, if the suspect is still not in custody, there doesn't seem to be much of an excuse.  It could also be that some detectives feel warrants are simply too much trouble to deal with the process.

¶ 19    No matter the reason, the Chicago Police Department serves the citizens of Chicago and can and should do better.

¶ 20    Since I agree that the motion by the State Appellate Defender to withdraw from Pulliam's case must be granted because the Petitioner's motion was untimely filed, I write to urge that the courts and /or the legislature  decidedly focus on  investigative alerts.  This issue  has merit and should be pursued.  Our First District Appellate Court is split on the issue, and the Illinois Supreme Court decided not to consider the issue in *Bass.*  This is a matter that deserves a full hearing.